JAMES C. AUSTIN, RESPONDENT, v. HENRY K. STEVENS, APPELLANT.

*Lease — agreement for extension — construction of it.*

April 24, 1880, the parties to this action signed a written instrument, by which the plaintiff leased to the defendant certain premises "for the term of one year from May 1, 1880, with the privilege of a further term of one, two and three years, at the yearly rent of two hundred dollars." The defendant occupied the premises four years. Just before the end of the fourth year the plaintiff notified him that if he desired to occupy the premises for any longer term he must pay $500 a year. The defendant remained in possession after May 1, 1884, and having refused to pay the additional rent this action was brought to recover it.

*Held*, that the plaintiff was entitled to recover it.

That under the lease the defendant was entitled to but one extension, which might be of one, two or three years, as he might elect.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury directed by the Erie County Court.

*Cook & Fitzgerald*, for the respondent.

*Joseph P. Carr*, for the appellant.

HAIGHT, J. :

The action was brought in the County Court to recover rent alleged to be due and owing from the defendant to the plaintiff under a parol lease. The defendant claimed to be holding under a written lease. The only question in the case is, whether or not the written lease had terminated. The lease is as follows :

"This indenture, made this 24th day of April, 1880, between James C. Austin, of the city of Buffalo, of the first part, and

Henry K. Stevens, of the same place, of the second part, witnesseth: That the said party of the first part does hereby lease, demise and let to the said party of the second part, the cellar and first floor of the premises known as 41 Main street, in the city of Buffalo and State of New York, for the term of one year from May the 1st, 1880, with the privilege of a further term of one, two and three years, at the yearly rent of $200; said rent to be paid in quarterly payments, and the said party of the second part hereby agrees to pay the rent as above stated and to deliver up the premises at the end of the term in as good condition as they now are or may be put in by the party of the first part, ordinary wear and tear, fire and unavoidable casualties excepted.

"JAMES C. AUSTIN.

"Witness: HENRY K. STEVENS.

"ANNA AUSTIN."

The defendant entered into possession of the premises under this lease and occupied the same for the period of four years. Just prior to the end of the fourth year the plaintiff called upon him and told him that if he desired to occupy the premises for any longer term that he should charge him $500 a year rent. The defendant did continue to occupy the premises from and after the 1st day of May, 1884, and when the first quarter's rent became due he tendered the sum of fifty dollars and no more. This was refused by the plaintiff, and this action was subsequently brought to recover $125, the amount then due if the annual rent was $500.

Parol evidence is only proper to show the meaning of the parties when the language of the instrument is ambiguous or used in such sense as to be susceptible of different meanings. It does not appear to us that the language of this lease is so ambiguous as to require explanation. We think, therefore, that it should properly be construed by the court without the aid of parol evidence. The language is, "for the term of one year from May the 1st, 1880, with the privilege of a further term of one, two and three years." It will be observed that the privilege is "of a further *term*," not terms, and that such further term may be one, two or three years, either, at the election of the defendant. It is true that the word "and" is used between the "two" and "three" years, from which it is argued that the defendant was entitled to three different terms, amounting

to six years in all. This construction does not appear to us to be the fair or logical reading of the lease. We are consequently of the opinion that it was properly construed by the court below, and that there was no question necessary to be submitted to the jury.

The judgment should be affirmed.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment affirmed.